UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KRISTOF FEKETE,<br><br>                      Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK et al.,<br><br>                      Defendants. | 23-CV-4062 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

       Plaintiff Kristof Fekete brings this action against Defendants The City of New York, Nicholas Asaro (together, the "City"), Justin Perez, and Gideon Shafir ("BEH Defendants," together with the "City," Defendants). He brings the action for injuries sustained as a result of motor vehicle accident allegedly caused by Defendants' negligence. ECF No. 1 ("Compl."). Plaintiff seeks partial summary judgment on the issue of liability for the accident, asserting that he is not at fault for the collision, the defendants' affirmative defenses should be dismissed, and both the BEH and City Defendants are liable to Plaintiff for his injuries. Mem. at 1, n.1, 11. The BEH Defendants cross-moved for summary judgment, asserting that they are not liable for causing the accident. ECF No. 39. The City opposes both Plaintiff's motion and the BEH Defendants' cross-motion for summary judgment on the issue of liability. ECF No. 41. Plaintiff also opposed the BEH Defendants' cross-motion. ECF No. 42. For the reasons stated herein, Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part. The BEH Defendants' cross motion for summary judgment is GRANTED.

## BACKGROUND

**I.   Facts**

On November 7, 2020 at approximately 7:30 a.m., Plaintiff was a passenger in a Ford Econoline E-350 van (the "Van") operated by Defendant Perez and owned by Defendant Shafir. ECF No. 37 ¶ 1. The City asserts that the Van was illegally double parked with its four-way flashing hazard lights activated. ECF No. 41 ("City Opp.") ¶ 2. The roads were wet and slick from earlier rainfall. ECF No. 37 ¶ 10. Plaintiff was seated in the back of the van on a milk crate because there were no back seats in the vehicle. *Id.* ¶¶ 2, 3. Around 7:30 a.m., the van was traveling with its hazard lights on, in the right lane of 11th Avenue, near the 45th Street intersection. ECF No. 37 ¶ 4. At the same time and same place, a street sweeping vehicle (the "Streetsweeper"), owned by the City was being operated by Defendant Asaro. *Id.* ¶ 5. Defendant Asaro first noticed the Van when he was between five and six car lengths behind it. *Id.* ¶ 6. The City claims that Defendant Asaro attempted to exit the right lane and merge left, but was unable to due to heavy traffic. City Opp. ¶ 2. When Defendant Asaro was between two and three car lengths behind the Van, the Van began to move forward in the right lane of 11th Avenue. ECF No. 37 ¶ 7. The City states that instead of merging into the left lane, Defendant Asaro straightened his wheel and continued heading south. City Opp. ¶ 2. The Van still had its hazard lights on. *Id.* ¶ 3. When the Van reached the intersection at 45th Street, the Streetsweeper was one car length behind the Van. ECF No. 37 ¶ 9.

At the intersection, the Van turned right onto West 45th Street. *Id.* ¶ 11. Plaintiff contends that "all of the evidence in the record overwhelmingly demonstrates that Justin Perez did not engage the van's right signal, prior to turning onto West 45th Street." ECF No. 35 at 3. The City agrees, asserting that the turn was made suddenly and without any advanced warning of an

2

intention to do so. City Opp. ¶ 3; *see also* City Opp. ¶ 13. Defendants Perez and Shafir claim that the Streetsweeper suddenly accelerated just as the Van began to turn. ECF No. 39 at 2, 3. Defendant Asaro stepped on the brake of the Streetsweeper and turned the steering wheel left, but the Streetsweeper's right bumper struck the rear of the Van while the Van was still moving. ECF No. 37 ¶¶ 11-13. The City submits that the event was "completely unforeseeable." City Opp. ¶ 3.

Due to the impact from the collision, Plaintiff was knocked off the milk crate, and his head, shoulders, and back contacted the Van's interior. ECF No. 37 ¶¶ 11-14. Plaintiff describes the accident as a violent collision, Mem. at 1, while the City describes the accident as the Streetsweeper making "light contact with the van." City Opp. ¶ 13. Plaintiff alleges that as a result, he sustained serious personal injuries including multiple herniated cervical and lumbar discs requiring injections, and separate lumbar and cervical fusion surgeries. Mem. at 4-5.

Police responded to the collision, and Defendants Asaro and Perez spoke with the police. ECF No. 37 ¶¶ 16-17. Defendant Perez told the responding police officers that he had his hazard lights on and was trying to turn right onto West 45th Street. *Id.* ¶ 16. Defendant Asaro told the responding police officers that he had attempted to brake but the street was too wet. *Id.* ¶ 17. The police officers determined that Defendant Asaro was following and passing to closely, while Defendant Perez was turning improperly and was distracted or inattentive. *Id.* ¶ 18.

Following the collision, several supervisors from the City of New York Department of Sanitation also arrived on the scene. *Id.* ¶ 19. Defendant Asaro provided two identical written statements to the supervisors that read "I was heading southbound on 11th Ave @ 45th St. As I was proceeding down 11th Ave. there was a white van that pulled into my lane, then decided with

no indication to make a sudden right turn onto 45th St. I stepped on the break [sic] the ground was slick from earlier rain. I then made contact with the driver's side rear bumper." *Id.* ¶ 19.

## II.     Procedural History

Plaintiff initiated this action on May 16, 2023. Compl. On June 8, 2023, Defendants Perez and Shafir answered Plaintiff's Complaint asserting that Plaintiff's culpable conduct caused Plaintiff's alleged damages. ECF No. 16 at 4. On July 24, 2023, the City answered Plaintiff's Complaint also asserting Plaintiff's culpable conduct as an affirmative defense, in addition to bringing a cross claim against the BEH Defendants. ECF No. 21 ¶¶ 35-36, 38, 41, 44.

On July 1, 2024, Plaintiff moved for partial summary judgment. ECF Nos. 34 ("Mot."), 35 ("Mem."). The parties filed their joint statement pursuant to Rule 56.1 the same day. ECF No. 37. On July 2, 2024, Defendants Perez and Shafir filed a cross motion for summary judgment. ECF Nos. 38 ("Cross Mot."), 39 ("Cross Mem."). The parties' second joint statement was filed the same day, which mirrored the first joint statement in substance. ECF No. 40; *see* ECF No. 37. The City adopted the two joint statements. City Opp. at n.3. On July 29, 2024, the City filed an opposition to both Plaintiff's motion and to the BEH Defendants' motion. City Opp. The same day, Plaintiff also filed its opposition to the BEH Defendants' cross motion for summary judgment. ECF No. 42 ("Plaintiff Opp."). On August 12, 2024, Plaintiff filed its reply to both the City's opposition, and to the BEH Defendants' cross motion for summary judgment. ECF Nos. 43 ("City Reply"), 44 ("Reply").

On October 25, 2024, the BEH Defendants wrote to the Court regarding a related state action. ECF No. 46. The letter explained that Defendant Perez, in New York Supreme Court, New York County, moved for summary judgment in a lawsuit initiated by Perez against the City arising from the same accident as the present case. *Id.* at 1. Though the Supreme Court denied

4

summary judgment in September 2023, the Appellate Division, First Department reversed the decision and granted summary judgment against the City on October 24, 2024. *See Perez v. City of New York*, 219 N.Y.S.3d 70 (N.Y. App. Div. 2024). BEH Defendants' letter requested, in order to avoid inconsistent rulings, that their cross-motion be granted and all claims and cross claims against them be dismissed. ECF No. 46. On October 25, 2024, Plaintiff also wrote to the Court regarding the related state action. ECF No. 47. There, Plaintiff took no position as to BEH Defendants' request, but requested that should the Court grant the request, that the Court also grant Plaintiff's motion for partial summary judgment against the City because Plaintiff was a passenger in the vehicle operated by Defendant Perez. *Id.*

## LEGAL STANDARD

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986). The movant bears the burden of demonstrating the absence of a question of material fact. *Celotex Corp.*, 477 U.S. at 322. If the movant meets its initial burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 2010) (internal citation omitted).

When the movant properly supports her motion with evidentiary materials, the opposing party must establish a genuine issue of fact by citing "particular parts of materials in the record" to survive the summary judgment motion. Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*,

5

554 F.3d 255, 266 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law" preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, a court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting S*tern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)).

## DISCUSSION

First, the Court addresses and grants summary judgment as to Plaintiff Fekete's liability. Then, the Court explains that, in accordance with the doctrine of *res judicata,* the City is solely liable for the accident at issue.

### III.   Summary Judgment is Granted as to Plaintiff Fekete's Liability

Defendants Perez and Shafir concede that Plaintiff, "as a passenger in defendants' vehicle, cannot be liable for causing the accident," and the City Defendants do not oppose the portion of Plaintiff's motion seeking dismissal of the culpable conduct and assumption of risk affirmative defenses. Cross Mem. at 2; City Opp. at n.1.

"Under New York state law, [Plaintiff] would be entitled to summary judgment if there is no genuine dispute over material fact regarding [his] own lack of culpability and the culpability of both defendant drivers, with the only unresolved issue being 'simply a finder of fact's apportionment of fault between both defendants.'" *Ilyes v. Castro*, No. 22-CV-4703 (JPO), 2024 WL 3497821, at *2 (S.D.N.Y. July 22, 2024) (quoting *Anjum v. Bailey*, 999 N.Y.S.2d 454, 456 (2d Dep't 2014) (collecting cases)). However, summary judgment on the issue of liability is precluded when there are genuine disputes over whether both or only one of the defendant

drivers was at fault for the accident. *Id.* Because the parties do not dispute that Plaintiff was an innocent passenger, Plaintiff is entitled to summary judgment on his own absence of liability. *See id.* Plaintiff's lack of liability is, however, "insufficient to support summary judgment against both defendants when one defendant or the other could conceivably be found to be non-negligent." *Id.* As such, the Court grants summary judgment with respect to Plaintiff's liability but addresses the Defendants' liability separately.

### IV.    The Doctrine of *Res Judicata* Dictates That the City Is Solely Liable

Defendants Perez and Shafir argue that the City is the sole defendant liable for causing the subject accident. Cross Mem. at 2. They further argue that Defendant has no non-negligent explanation for the accident, and refer to video footage to establish that the "proximate cause of the accident was the Asaro vehicle's failure to maintain a reasonably safe distance rom the Perez vehicle." Cross Mem. at 3. The City asserts that "co-defendant Perez's sudden movement into traffic and failure to signal demonstrates that questions of [f]act exists as to his own negligence and provides the City with a non-negligent explanation for the rear contact accident." City Opp. ¶ 14.

The Supreme Court, Appellate Division, First Department, in a related state court case, held that the City's "failure to maintain a safe distance from plaintiff's vehicle was the sole proximate cause of the collision." *Perez v. City of New York*, 219 N.Y.S.3d 70, 71 (N.Y. App. Div. 2024). Under the doctrine of *res judicata*, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). A claim is barred under *res judicata* if the previous action involved "(1) a final judgment on the merits, (2) by a court of

7

competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *MacKinnon v. City of New York/Hum. Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014) (quoting *Hecht v. United Collection Bureau, Inc.,* 691 F.3d 218, 221–22 (2d Cir.2012)). All four elements are met here.

First, the state court's summary judgment decision constitutes a final judgment on the merits. *See Amadsau v. Bronx Lebanon Hosp. Ctr.*, No. 03-CV-6450 (LAK) (AJP), 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005), *report and recommendation adopted sub nom. Amadasu v. Rosenberg*, No. 03-CV-6450 (LAK), 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005), *aff'd*, 225 F. App'x 32 (2d Cir. 2007) ("As a grant of summary judgment, Justice Green's decision operated as a decision on the merits of the claims . . . .").

Second, the state court's decision was made by a court of competent jurisdiction. *Tyco Int'l Ltd. v. Walsh*, No. 02-CV-4633 (DLC), 2010 WL 3447910, at *3 (S.D.N.Y. Sept. 1, 2010) ("The proper forum for a complete investigation of the res judicata effects of the district court's judgment is the state court, which is presumed competent to resolve such matters.") (internal citation omitted).

The City also meets the third prong because, apart from Defendant Shafir, the Defendants in this action are the same as those involved in the state court action. *See Shekhem'El-Bey v. New York*, 464 F. Supp. 2d 329, 334 (S.D.N.Y. 2006) (finding the third prong of *res judicta* met where "all defendants in this suit were either named in the prior suit or are in privity with defendants named in that suit."). The Court also finds that Defendant Shafir, the owner of the Van that was operated by Defendant Perez and hit by the Streetsweeper, is in privity with the state Court parties. "[T]here is no bright line rule' as to whether privity exists for *res judicata* purposes." *Akhenaten v. Najee, LLC*, 544 F. Supp. 2d 320, 328 (S.D.N.Y. 2008) (quoting *Amalgamated*

8

*Sugar Co. v. NL Indus., Inc.,* 825 F.2d 634, 640 (2d Cir.1987)). "Accordingly, parties encompassed under the term privity include those . . . whose interests are represented by a party to the action." *Harding v. Paramount Pictures*, No. 12-CV-66 (DAB) (HBP), 2013 WL 174401, at *7 (S.D.N.Y. Jan. 16, 2013), *report and recommendation adopted*, No. 12-CV-66 (DAB), 2013 WL 1285423 (S.D.N.Y. Mar. 28, 2013) (internal citations and quotations omitted). The state court action was brought by Defendant Shafir's co-defendant in federal court, Defendant Perez. In the state court action, the court determined that the City, operating the Streetsweeper, was solely liable for the collision with the Van. *Perez v. City of New York*, 219 N.Y.S.3d 70, 71 (N.Y. App. Div. 2024). As such, the state court imposed no liability on the Van's operator nor owner, and Defendant Shafir's interests were represented in the state court action. *See Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("*Res judicata* may bar non-parties to earlier litigation not only when there was a formal arrangement for representation in, or actual control of, the earlier action but also when the interests involved in the prior litigation are virtually identical to those in later litigation.").

As to the final factor, the remaining claims here regarding Defendants' respective liability, were raised in the prior action. *See Perez v. City of New York,* No. 152638/2023, 2023 WL 6162022, at *1 (N.Y. Sup. Ct. Sep. 20, 2023) ("Pending before the court is a motion where plaintiff seeks an order: (a) pursuant to Civil Practice Law and Rules 3212, granting the plaintiff summary judgment against defendants (collectively, the "City") on liability; and (b) dismissing the City's affirmative defenses")."The Second Circuit has instructed that the first judgment will preclude a second suit only when it involves the same transaction or connected series of transactions as the earlier suit." *Ray Legal Consulting Group v. Gray*, 37 F. Supp. 3d 689, 701 (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (internal quotation

9

marks omitted). BEH Defendants' cross motion and the City's opposition clearly springs from the same motor vehicle incident. In the state court action, the court found that the City's "failure to maintain a safe distance from plaintiff's vehicle was the sole proximate cause of the collision." *Perez,* 219 N.Y.S.3d at 71.

In sum, the Court finds that the state court action was adjudicated on the merits, by a court of competent jurisdiction, the BEH and City Defendants were the same parties in the prior action, and the liability question in both actions relates to the same motor vehicle incident. As such, the doctrine of *res judicata* instructs that solely the City is liable for the collision at issue.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is GRANTED in part and DENIED in part. The BEH Defendants' cross motion for summary judgment is GRANTED. The parties are directed to confer regarding their availability for trial in September through November 2025 and include this availability in a joint letter that shall be filed by March 28, 2025. The letter shall include the parties anticipated length of trial. The parties are also directed to confer regarding referral to the Court's Mediation Program or to the Magistrate Judge for a settlement conference and shall include any request in the joint letter.

The Clerk of Court is directed to terminate ECF Nos. 34 and 38.

Dated: March 14, 2025
      New York, New York

                                                                 SO ORDERED.

                                                                  JESSICA G. L. CLARKE
                                                                  United States District Judge