UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTOF FEKETE,

                    Plaintiff,

-against-                                        23-CV-4062(LAP)

                                                ORDER

CITY OF NEW YORK, et al.,

                    Defendants.

LORETTA A. PRESKA, Senior United States District Judge:

In July 2024, Plaintiff's Counsel declared as an officer of the court and under penalty of perjury that docket number 36-5 was "a copy of the video depicting the collision" central to this matter.  (Dkt. no. 36.)  Counsel further represented to the Court that "[t]he collision was captured on a surveillance video, which is annexed to the Declaration of" Counsel.  (Dkt. no. 35 at ECF 7.)  Plaintiff's Counsel has not retracted this statement made under penalty of perjury and, to this day, maintains that use of the video "was proper."  (Dkt. no. 79 at 3.)  Plaintiff's Counsel also produced the video to Defendants during discovery.  (See id. at 2.)

Plaintiff now moves in limine to preclude Defendants from using at trial the same video, asserting that Defendants cannot meet their burden to authenticate the evidence.  (See dkt. no. 62.)  Plaintiff also asserts that the video should be excluded

because Defendants do not have a biomechanical engineer who can testify that "the force of the collision could not have caused Mr. Fekete's injuries." (Id. at 6.) Defendants oppose the motion. (See dkt. no. 70.) Plaintiff has replied, reiterating the same arguments. (See dkt. no. 79.) For the reasons set forth below, Plaintiff's motion is DENIED.

Evidence must be relevant to be admissible at trial. See Fed. R. Evid. 401-02. "[U]nless an exception applies, all '[r]elevant evidence is admissible.'" United States v. White, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 402)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." See Fed. R. Evid. 401. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403. A trial court "has broad discretion to exclude even relevant evidence" under Rule 403 if its probative value is substantially outweighed by one or more of the countervailing factors enumerated in the rule. United States v. Elfgeeh, 515 F.3d 100, 127-28 (2d Cir. 2008). Moreover, this Court has "broad discretion in determining whether an item of evidence has been properly

2

authenticated."  United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir. 2001).

The Court finds that the video is relevant and that its probative value is not substantially outweighed by one or more of the countervailing factors.  In addition, the Court finds that Counsel's declaration under penalty of perjury that the video in question depicts the collision central to this dispute, (see dkt. no. 36), is sufficient for authentication purposes.  See Hallett v. Stuart Dean Co., 517 F. Supp. 3d 260, 269 (S.D.N.Y. 2021) ("the act of production implicitly authenticates a document." (cleaned up and citation omitted)).

Finally, the Court finds that the video has probative value even without expert testimony from a biomechanical engineer who could testify about the force of the collision depicted in the video.  See Murphy v. Crecco, 255 A.D.2d 300 (1998) ("Contrary to the plaintiff's contention, expert testimony with regard to the significance of the force of the impact between the two vehicles involved in the subject accident was not necessary since this is a matter within the ordinary knowledge and experience of the trier of the facts.")

For these reasons, Plaintiff's motion is DENIED, and the video will be admitted.  The Clerk of the Court shall close docket number 62.

**SO ORDERED.**

_____
LORETTA A. PRESKA
Senior United States District Judge

Dated:     New York, New York
           December 30, 2025