UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTOF FEKETE,

                    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                    Defendants.

23-CV-4062(LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff moves in limine to preclude Defendants from arguing at trial the "seat belt defense."  (See dkt. no. 63.)  Plaintiff acknowledges that the seat belt defense "can be used in the damages portion of the trial, for a mitigation argument" but asserts that Defendants may not do so because they will not have expert witness testimony, as required under New York law, to support such a defense.  (Id. at 3.)

Defendants, in opposition, assert that they seek to cross examine Plaintiff's treating physicians, who are expected to offer expert testimony, about whether Plaintiff's failure to wear a seatbelt was a factor they considered in forming their opinions. (See dkt. no. 71.)  Defendants assert that evidence obtained by Plaintiff's expert witnesses can satisfy their burden for introducing a seat belt defense to the jury.  (See id. at 5.) Plaintiff, in replying, argues that Defendants may not develop a

seat belt defense by cross examining Plaintiff's expert witnesses, but cites no caselaw in which a Court has explicitly prohibited such an approach.  (See dkt. no. 81 at 2-3.)

The Court agrees with Defendants that this motion is largely premature.  (See dkt. no. 71 at 7.)  The Court will permit Defendants to cross examine Plaintiff's expert witnesses regarding Plaintiff's failure to wear a seatbelt.  The Court reserves judgment on whether the seat belt defense may be submitted to the jury.  See Spier v. Barker, 35 N.Y.2d 444, 450 (1974) ("the issue [of the seat belt defense] should not be submitted to the jury unless the defendant can demonstrate, by competent evidence, a causal connection between the plaintiff's nonuse of an available seat belt and the injuries and damages sustained").

For the forgoing reasons, to the extent Plaintiff seeks to exclude cross examination regarding Plaintiff's use of a seat belt at trial, the motion is DENIED.  To the extent Plaintiff seeks to preclude the seat belt defense from being considered by the jury in their deliberations, the Court reserves judgment, and Plaintiff may renew that motion at trial.

The Clerk of the Court shall close docket number 63.

**SO ORDERED.**

_____
LORETTA A. PRESKA
Senior United States District Judge

Dated:    New York, New York
          December 30, 2025

3