UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRISTOF FEKETE,

                    Plaintiff,

-against-                                    23-CV-4062(LAP)

                                             ORDER

CITY OF NEW YORK, et al.,

                    Defendants.

LORETTA A. PRESKA, Senior United States District Judge:

Defendants move in limine to cross-examine Sebastian Lattuga, M.D., about his purported involvement in a scheme "to recommend and provide fraudulent medical treatment protocol to patients whose cases are in litigation, for profit."  (Dkt. no. 64 at 1-2.)  Specifically, Defendants seek to cross-examine Dr. Lattuga regarding the underlying allegations set forth in a now-withdrawn third-party complaint for fraud, which alleges that Dr. Lattuga and others previously conspired to provide inflated fees for unnecessary medical treatment, and that Dr. Lattuga, through companies he co-owned, lent money at interest to patients to fund unnecessary medical procedures.  (See dkt. nos. 64-1 ¶¶ 110-22, 64-2 ¶¶ 21-45.)

Similarly, Defendants seek to cross examine Dr. Lattuga about whether he is involved in a similar scheme in the instant case with Leon Reyfman, M.D., who, in turn, 1) made a referral of Mr.

Fekete to Dr. Lattuga, 2) has been the subject of five RICO fraud lawsuits, and 3) previously had his license to practice before the Worker's Compensation Board suspended for misconduct. (See dkt. no. 64.) Defendants assert that such evidence is relevant to Dr. Lattuga's credibility and motive and that it will not be unduly prejudicial or confuse the jury. (Id.) Plaintiff opposes the motion, arguing that such evidence is improper Rule 404(b) evidence, it is not probative, and it would be unduly prejudicial. (Dkt. no. 74.)

Evidence must be relevant to be admissible at trial. See Fed. R. Evid. 401-02. "[U]nless an exception applies, all '[r]elevant evidence is admissible.'" United States v. White, 692 F.3d 235, 246 (2d Cir. 2012) (quoting Fed. R. Evid. 402)). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." See Fed. R. Evid. 401. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." See Fed. R. Evid. 403. Finally, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Court finds the evidence in question to be highly probative and relevant to Dr. Lattuga's motive. See United States v. James, 609 F.2d 36, 46 (2d Cir. 1979) ("bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." (citation omitted)). The Court of Appeals "has long taken an inclusionary approach to Rule 404(b), under which other act evidence is admissible unless it is introduced for the sole purpose of showing a defendant's bad character, subject to the relevance and prejudice considerations set out in Rules 402 and 403." Carroll v. Trump, 124 F.4th 140, 157 (2d Cir. 2024) (quotation marks and citation omitted). Indeed, it is commonplace in this Circuit for Courts to admit Rule 404(b) evidence, including evidence grounded in uncharged conduct, that is probative of a witness's motive. See, e.g., United States v. LaFlam, 369 F.3d 153, 157 (2d Cir. 2004)("other act evidence was probative of LaFlam's motive for committing the robberies, his conspiratorial relationship with McCullough and his willingness to confide in her about the details of his robbery plans"); United States v. Willoughby, 860 F.2d 15, 24 (2d Cir. 1988) (evidence of participation in uncharged robbery

3

was relevant to show motive in conspiracy to obstruct justice). Indeed, questioning Dr. Lattuga as to his motive is an essential element of the defense strategy in this case. See N. V. Maatschappij Voor Industriele Waarden v. A. O. Smith Corp., 590 F.2d 415, 421 (2d Cir. 1978) ("unduly harsh limitation on cross-examination of a key expert witness can amount to prejudicial error.").

The Court further finds that such evidence would not be unduly prejudicial. See Fiacco v. City of Rensselaer, N.Y., 783 F.2d 319, 327 (2d Cir. 1986) ("[Rule] 403 grants the trial judge broad discretion to determine whether to allow the introduction of relevant, but prejudicial, matters into evidence.") Nevertheless, the Court will consider "a limiting instruction to the jury" proffered by Plaintiff that can reduce "any potential prejudice that introduction of the uncharged other act evidence" might cause. LaFlam, 369 F.3d at 157; see also Carroll, 124 F.4th at 157 (applying the same rule in a civil case).

For the forgoing reasons, Defendants' motion to cross examine Dr. Lattuga about his purported involvement in an organized scheme to provide fraudulent medical treatment for profit is GRANTED.

4

The Clerk of the Court shall close docket number 64.

**SO ORDERED.**

_____
LORETTA A. PRESKA
Senior United States District Judge

Dated:     New York, New York
           December 30, 2025